**PERRY, Admx., Appellant, v. EAST OHIO GAS CO. et, Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24920.   Decided February 24, 1960.

Chester K. Gillespie, Sindell, Sindell, Bourne & Disbro, for appellant.
Jones, Day, Cockley & Reavis, for appellee, The East Ohio Gas Co.
D. R. Henderson, Jr., for appellee, Orlando Wise.

(DOYLE, PJ, HUNSICKER, J, of the Ninth District, GRIFFITH, J, of the Seventh District, sitting by designation in the Eighth District.)

## OPINION

By HUNSICKER, J.

This is an appeal on questions of law from a judgment entered in this case in the Common Peas Court of Cuyahoga County. The judgment concerned two defendants, who are the appellees here.

One of the appellees, The East Ohio Gas Co., was dismissed from the case at the conclusion of all of the evidence, after a motion for that purpose was presented to the trial court.

The other defendant in the trial court, Orlando Wise (an apartment house owner), was awarded a verdict by a jury, and the judgment was entered on that verdict for Mr. Wise.

In the early morning of October 1, 1956, a fire broke out in a three-family home occupied by Mrs. Lois A. Perry and her two children. Mrs. Perry and her children occupied the third-floor apartment of the frame building which was owned by Mr. Wise. A child of Mrs. Perry, a boy about four years of age, met his death by carbon monoxide asphyxiation as a result of the fire, and Mrs. Perry then brought an action against these defendants, alleging that the child died as a result of the negligent conduct of the appellees herein.

Mrs. Perry and her children moved into this home a few days before the death of her child. At that time the hot water heater for her apartment was not turned on; Mr. Wise was in the process of installing a hot water tank for the third-floor apartment.

After Mr. Wise installed the hot water heater for the third-floor apartment Mrs. Perry asked The East Ohio Gas Co. to inspect the appliance and turn on the gas. Inspection of this appliance showed that it was proper, except for the flue which carried off the fumes following combustion of the gas. This flue was connected to another flue, which flue was then connected to the chimney. This type of installation is satisfactory if the connection so made is five inches or more in diameter; otherwise the flue must be connected direct with the chimney. The flue from the Perry hot water heater was only three inches in diameter, and the connection into the other flue was the same diameter. Notice was given of the improper installation to Mrs. Perry by the customer service man of The East Ohio Gas Co., who turned the gas off, and placed, at the appliance valve, a red tag. This red tag stated that the apliance was not to be used before consulting a plumbing or heating contractor. Mr. Wise was then notified by Mrs. Perry of the improper flue installation.

Mr. Wise, with a helper, then made a flue connection direct into the brick chimney, and called Mt. Pleasant Heating Company, of Cleveland, Ohio, to check and light this hot water heater. This work was done by such company, and the hot water heater was lit. Mrs. Perry stated that Mr. Wise lit such heater, and Mr. Wise said the service man from the Mt. Pleasant Heating Company lit this water heater.

In the early morning of October 1, 1956, some days after the gas to the hot water heater was turned on, some of the persons living in the apartment, including Mrs. Perry, stated they heard one or more explosions; and then some of those living on the first and second floors noticed smoke coming from the hot air heat registers, and they said they heard a crackling sound. One of the witnesses said she smelled gas and went to her kitchen to see if the pilot light on the kitchen stove was burning. She saw that it was still burning, and then she went toward the thermostat, but, hearing what seemed to be noises of small explosions, left the house.

The fireman arrived about 4:15 in the morning, only a few minutes after the notice was given to them. They brought the four-year-old boy of Mrs. Perry from the third floor to the ground level and took him to the hospital, where he was pronounced dead on arrival there. This child had gone with his mother to the front door of the house, but suddenly broke from her grasp and returned to his bed, as she, with a smaller child in her arms, tried to open the front door.

There was some conflict in the evidence as to whether there was a second means of escape from this third-floor apartment, as is required by the city ordinances. This third-floor apartment was heated by means of a gas stove, in violation of a city ordinance. The building was also constructed without fire stops, contrary to the ordinance of the city.

An officer of the fire department, a member of their fire prevention bureau, stated that upon investigation he found "no reason or no source of ignition in the basement for that fire." This officer gave it as his opinion that the fire was started by a careless cigarette smoker. He also stated that he saw no evidence of an explosion when he examined the

premises after the fire. He also stated that in his opinion "there was no gas explosion."

A trial of the issues resulted in a verdict and judgment for Orlando Wise, and a judgment of dismissal of the cause of action against The East Ohio Gas Co., at the conclusion of all the evidence. It is from these judgments that an appeal is lodged in this court by Mrs. Perry, who says:

"1. The trial court improperly rendered a directed verdict in favor of the East Ohio Gas Company by ruling, as a matter of law, that the Gas Company was not negligent and that it had fulfilled its duty to the plaintiff.

"2. The trial court erred in its general charge to the jury."

Before proceeding to a discussion of assignments of error, we are constrained to say something with reference to the trial attorneys and the conduct of the trial judge. We say this because, although it was not assigned as error, counsel for the appellant spent a large portion of the time allotted to oral argument in complaining of the conduct of trial counsel and the trial judge, saying that by reason of this conduct he was denied a fair trial. All of the judges of this court were, before becoming judges of the Court of Appeals of Ohio, trial judges, and in the course of that experience we presided at the trials of many cases. From that experience, we unanimously say no criticism can rightly or justly be directed at either the counsel for appellees or the trial judge. From the record, Judge Nicola, the trial judge herein, was patient, kind and considerate, traits of character which the judges of this court know him to possess in his daily life. There is no merit whatsoever to these complaints made orally by counsel for the appellant.

Although the principal complaint in this appeal is directed against the appellee The East Ohio Gas Company, we believe that the first discussion of our problem should relate to the judgment in favor of Orlando Wise. Mrs. Perry insists that the trial judge, in his general charge, placed upon her a greater burden of proof than she was required to establish.

Mrs. Perry charged that Orlando Wise was negligent, in that he operated a faulty appliance despite the presence of a warning tag placed on the appliance, which tag indicated that proper repairs should be made before such appliance (a hot water heater) could be used; and that Orlando Wise was negligent in operating the apartment in violation of various ordinances of the city of Cleveland, which ordinances related to the type of construction of apartment dwellings, as well as the proper installation of hot water heaters.

The trial judge gave a written instruction before argument, requested by counsel for Mrs. Perry, which instruction covered the subject of the city ordinances as they related to this case; and in the general instruction the trial judge again called attention to the claim that the city ordinance had been violated. The trial judge then read the ordinances a second time.

We think the trial judge properly placed upon the appellant, Mrs. Perry, the burden of establishing the negligence of appellee Wise when the judge said: "* * * the plaintiff must prove at the outset, by a pre-

ponderance of the evidence, that natural gas and combustible fumes escaped from said water heating unit, ignited and exploded in the basement of the house owned by Wise. If the plaintiff fails to prove such an explosion by a preponderance of the evidence, * * * your verdict must be for the defendant."

The entire claim of Mrs. Perry was based upon an explosion as a result of gas or fumes escaping from the hot water heater, which gas or fumes then ignited, causing the burning of the apartment. The trial judge did use the word "explosion" much more frequently than the words "ignite" or "fire," but a full reading of the charge leaves no doubt that the issues were placed before the jury.

"3. To establish 'actionable negligence' three essential elements must be shown, namely, a duty or obligation on the part of the person charged with such negligence to protect another from injury, a failure to discharge that duty, and an injury to such other proximately resulting from that failure." **Wellman v. East Ohio Gas Co., 160 Oh St 103.**

The violation by a landlord of a duty established by ordinance will not impose upon him a liability for damages, unless that violation is the proximate cause of the harm that ensues. **Morton v. Stack, a Minor, 122 Oh St 115.**

The instructions in the instant case, when taken and read as a whole, were not prejudicial to the substantial rights of the appellant. Counsel for appellant did not request additional instructions, but on the contrary indicated that he was satisfied with the instructions given. The judgment as to Orlando Wise must be affirmed.

The claims against The East Ohio Gas Company, although related to the acts of Mr. Wise, nevertheless present a different legal problem, and we now turn to a discussion of the first assignment of error.

Mrs. Perry can only recover against The East Ohio Gas Co. if she can establish "actionable negligence," as that phrase is defined in the case of Wellman v. East Ohio Gas Co., supra.

The evidence in this case establishes that the gas appliance, the hot water heater, was, so far as the automatic controls and gas connections were concerned, proper and efficient. The only complaint made, and the reason for placing a red warning tag at the gas valve of this heater, was that the flue connection did not meet the standard established for such connections.

Mrs. Perry says that the gas company then had the duty to shut off the gas at the curb and to return to the premises when notified of repairs, and then inspect the flue connection before turning on the gas. This claim then raises the question as to the duty of the gas company to reinspect an appliance after notice to the owner of a defective flue connection.

If the evidence establishes that the gas company has discharged all of its duties herein, then the judgment must be affirmed. If the evidence fails to show that there is any dereliction of duty on the part of the gas company, then the judgment must be affirmed.

"1. One who seeks relief by judicial process must present proof of the basic facts essential to establish his right to such relief, or fail in his action.

"2. Where on the trial of an action to a jury, no evidence is produced substantiating the material allegations of the petition, it becomes the duty of the court, on motion of the defendant, to direct a verdict in his favor and enter judgment thereon." **Zafires v. Peters et al, 160 Oh St 267.**

A gas company is not liable as an insurer for damages as a result of an explosion of gas. Its liability for damages by reason of injury or death, as the result of an explosion of gas, or a fire caused by the ignition of the escaping gas or fumes caused by the improper combustion of such gas, arises only from the proof of negligence of a gas company in the handling and delivery of its product, which negligence proximately caused the injuries.

"It is plain that the gas company was not an insurer against any and all damages which might result to a customer from the use of gas on the customer's premises. The bare fact of explosion and resulting fire would not suffice to establish a dereliction of duty on the part of the gas company. Facts and circumstances must be shown which indicate a want of ordinary care on the part of the gas company, proximately causing the injury, or evidence of facts from which such want of due care might be inferred." **Northwestern Ohio Natural Gas Co. v. First Congregational Church, 126 Oh· St 140, at p. 153.**

In the instant case, the gas company, upon finding that the flue connection was improper, shut off the gas valve, put a red warning tag thereon, and notified Mrs. Perry personally of the need for a proper flue connection before she or the landlord should turn on the gas. The gas company did not shut off the gas at the curb, for to have done so would have deprived Mrs. Perry of cooking and heating facilities. To shut off the gas at the curb would also have deprived two other families of gas service.

We note further that the gas pipes to the hot water heater involved herein were not in any way connected into the other gas appliances in the apartment building, and the appliance itself, including the gas leading to it, as well as the automatic control, was in proper and efficient working order.

A gas company, in case of a leak in a service line, is only held responsible after notice of the defect and the opportunity with reasonable promptness to shut off the gas or remedy the defect. **Portsmouth Gas Co. v. Maddox, 44 Oh Ap 288; Donoughe v. East Ohio Gas Co. et al, 89 Oh Ap 411.**

We have found no case in Ohio, and none has been cited to us, where the duty to turn off gas at the curb, when an appliance in a multi-family apartment has been found to need repair, has been discussed; however, cases bearing on that subject from other jurisdictions have been brought to our attention.

In Nephew v. Consumers Power Co., 283 Michigan 12, 276 N. W. 881, a case of death by asphyxiation as a result of gas escaping from a valve which had been shut off for a period of nearly two years, and a charge that the gas company should have cut service off at the curb, rather than at the service valve, the court said:

"The failure of the gas company to shut the gas off at the street

is not negligence in and of itself; but the authorities, generally, hold such failure may be considered by the jury as bearing upon the exercise of due care by the gas company. Chisholm v. Atlanta Gas-Light Co., 57 Ga. 28; Canfield v. West Virginia Central Gas Co., 80 W. Va. 731, 93 S. E. 815, LRA 1918A, 808. If the death of plaintiff's decedent had been caused solely by the negligence of defendant in failing to shut the gas off at the street valve, it would be liable. Lanigan v. New York Gaslight Co., 71 N. Y. 29. But the testimony indicates, if defendant is liable, it is not because of its negligent failure to close the valve at the street, but because of the negligent failure of its employee to properly close and seal the shut-off valve under the house."

The general rule seems to be that it is the obligation of the customer to have his own pipes, connections and appliances properly repaired after notice of defects given by the gas company. Jelf v. Cottonwood Falls Gas Co., 162 Kan. 713, 178 P. 2d 992; Bellefuil, Admrx., etc., v. Willmar Gas Co., Inc. (Minn.), 66 N. W. 2d 779.

The cases of Stephany et ux., v. Equitable Gas Co. et al, 347 Pa. 110, 31 A. 2d 523, and Lewis v. Vermont Gas Corporation (Vermont), 151 A. 2d 297, say that, if a gas company knows the consumer's lines and equipment are unsafe, it is the duty of the gas company to require the lines to be repaired or else shut off the gas at the curb. However, in a case similar to the instant action— Holsclaw's Admr. v. Louisville Gas & Electric Co. et al, 267 Ky. 56, 100 S. W. 2d 805—where a service connection to a second-floor apartment was defective, the court said nothing about the necessity of shutting off the gas at the curb, but did speak of the necessity of shutting off the gas at the service connection supplying gas to the leaking pipes. See also: 38 C. J. S., Gas, Sec. 42 d, and authorities there cited.

A collation of authorities on the subject "Liability of gas company for injury or damage due to defects in service lines on consumer's premises" may be found in 26 A. L. R. 2d 136, et seq.

A gas company, in the absence of contract, is not required to enter upon the lands of a customer and make repairs to the gas appliances in use thereon, but its obligation, after notice that such appliance is improperly installed, is to shut off the gas that services such appliance and notify the customer to secure the proper repairs therefor.

When a gas company, at the request of a customer, inspects a customer's appliance, and upon inspection finds that such appliance is not properly connected to the flue which is to carry off the fumes caused by combustion of the gas, it is the duty of the gas company to call the dangerous condition of the appliance to the attention of the customer, advise him of the needed repairs, and then shut off the gas to such appliance, and notify the customer that he should not turn on the gas until he makes the proper flue connection. The responsibility of the gas company, in the absence of contract, does not extend to the making of the repairs to the appliance, or to light the gas so it may be used after the needed repairs have been made.

We therefore determine in this case that the trial judge did not commit prejudicial error in his instructions to the jury, and he did not commit prejudicial error when he withdrew the cause from the jury and

entered judgment as a matter of law for the appellee The East Ohio Gas Co.

We have examined all of the claims of error, and find none prejudicial to the substantial rights of the appellants.

The judgments entered herein must be affirmed.

Judgments affirmed.

DOYLE, PJ, GRIFFITH, J, concur.