Maureen **BEANS**, Appellant,

v.

**ENTEX, INC.,** Appellee.

No. 01–87–00356–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 7, 1988.

Rehearing Denied Jan. 28, 1988.

Edward F. Blizzard, Williams & Blizzard, Houston, for appellant.

Jim C. Ezer, Ryan & Marshall, Houston, for appellee.

Before JACK SMITH, LEVY and HOYT, JJ.

## OPINION

HOYT, Justice.

This appeal is taken from a summary judgment entered in a wrongful death action brought on theories of negligence and strict product liability.

In June 1984, the appellant's father, Albert Beans, purchased a home and requested that Entex, Inc. ("Entex"), a supplier of natural gas, begin servicing his home with its gas. Entex complied, and gas service to Mr. Beans' home was initiated. On the evening of November 29, 1984, Mr. Beans turned on an unvented gas-fired space heater and retired to bed. The next morning, he was found dead; the cause of death was determined to be asphyxiation due to carbon monoxide inhalation.

On November 15, 1985, the appellant commenced this wrongful death suit against Entex and Dover Corp., Inc., manufacturer of the heater, under theories of negligence and strict product liability, for defective design and manufacture, and for failure to warn of the unreasonably dangerous nature of their products.

Entex filed a motion for summary judgment, and after a hearing, summary judgment was granted for Entex. A final judgment and order of severance was signed on March 9, 1987, and this appeal was brought.

In three points of error, the appellant contends that the trial court erred in entering a summary judgment: (1) on the appellant's claim of product liability; (2) on the appellant's claim of negligence; and (3) on the appellee's plea of limitation.

Where a movant has received a summary judgment in his favor, the question on appeal is not whether the summary judgment proof raises fact issues with reference to the essential elements of a plaintiff's claim or cause of action, but rather whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material fact as to one or more of the essential elements of the nonmovant's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). The burden of summary judgment proof is on the movant, and all reasonable doubts as to the existence of a genuine issue of material fact are resolved against him. *Farley v. Prudential Ins. Co.*, 480 S.W.2d 176, 178 (Tex.1972).

The subject of product liability is addressed in *Restatement (Second) of Torts* § 402A (1965), which provides:

(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

(a) The seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

This rule is not relaxed even though the seller exercises all possible care in the preparation and sale of the product. *Id.* at § 402A(2). Similarly, in common-law negligence cases, a plaintiff, to recover must establish a duty on the part of a defendant. *Duff v. Yelin*, 721 S.W.2d 365, 370 (Tex. App.—Houston [1st Dist.] 1986, writ pending).

The appellant contends that Entex's failure to inspect Mr. Beans' pipes and appli-

ances, and to warn of the potentially life-threatening consequences of using an unvented gas heater caused the gas sold by the appellee to be "defective" and unreasonably dangerous.

A product cannot be said to be unreasonably dangerous because of a failure to warn, unless there is a duty to warn. *Houston Lighting & Power Co. v. Reynolds,* 712 S.W.2d 761, 767 (Tex.App.—Houston [1st Dist.] 1986, writ granted). The seller's duty to warn arises only where the dangers to be warned of are reasonably foreseeable and are such that a consumer cannot reasonably be expected to be aware of them. *Id.*

■■ The evidence in the summary judgment proof shows that the cause of Mr. Beans' death was due to a faultily adjusted or vented gas heater and not the product (natural gas). A duty on the part of Entex to warn that asphyxiation could result from a faultily adjusted gas heater or to inspect every pipe and appliance in every establishment serviced would require Entex to take responsibility for property that it does not own or control. *See Lane v. Community Natural Gas Co.,* 133 Tex. 128, 123 S.W.2d 639 (1939). There is nothing in our record to indicate that the deceased or any other person requested Entex to inspect the gas appliances at the deceased's residence. We conclude that Mr. Beans was responsible for the maintenance and upkeep of his heater and that, absent any proof that the gas supplied caused the defect in the appliance, or that the gas was otherwise in a defective condition such as would prevent it from being used for its intended purpose, it is not reasonably foreseeable that a consumer would attempt to operate a gas appliance without first obtaining a maintenance check on the appliance. *See Houston Lighting & Power Co.,* 712 S.W.2d at 767. Asphyxiation, due to carbon monoxide inhalation from unvented gas heating, is of such common propensity as to be an open and obvious danger.

Because the summary judgment proof establishes, as a matter of law, the absence of an essential element of the appellant's cause of action, i.e., the duty to inspect and warn, the summary judgment was proper. *Sakowitz v. Steck,* 669 S.W.2d 105 (Tex. 1984). Additionally, the appellant has failed to establish any common-law duty to warn.

The appellant's first and second points of error are overruled.

In view of our disposition of the appellant's first and second points of error, it is unnecessary to address her third point of error.

The judgment of the trial court is affirmed.

LEVY, J., dissenting.

LEVY, Justice, dissenting.

I dissent from the majority's opinion on all three points of error, and turn first to the third point, in which appellant asserts that the trial court erred in granting a summary judgment on appellee's plea of limitations, among other grounds.

Tex.Civ.Prac. & Rem.Code sec. 16.003(b) (Vernon 1986) provides: "A person must bring suit not later than two years after the day the cause of action accrues in an action for injury resulting in death. The cause of action accrues on the death of the injured person."

Appellant's father died on the evening of November 29–30, 1984. She filed her original petition on November 15, 1985, within the requisite two years after his death. Appellant's original petition did not assert strict product liability as a ground of recovery against appellee, but her first amended original petition, which did assert strict product liability, was filed December 3, 1986, more than two years after the cause of action arose. Appellee contends that application of the two-year statute of limitations bars appellant's assertion thereafter of strict product liability as a ground of recovery.

However, Tex.Civ.Prac. & Rem.Code sec. 16.068 (Vernon 1986) states:

If a filed pleading relates to a cause of action, cross action, counterclaim, or defense that is not subject to a plea of

limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence.

*Id.*

Appellant's strict product liability theory is based on the same occurrence, death by carbon monoxide asphyxiation, that was the basis for the timely filed original petition. The amended petition could not possibly have surprised or delayed the appellee, or rendered its investigation useless, merely by enlarging the theory of liability. Therefore, the newly asserted ground of liability is not barred by the statute of limitations because it does not arise from a new, distinct, or different transaction or occurrence. Where an action is timely filed, subsequent amendments may "relate back" to the date of the original petition. *Bradley v. Etessam*, 703 S.W.2d 237 (Tex. App.—Dallas 1985, writ ref'd n.r.e.).

Accordingly, I would sustain appellant's third point of error.

Under appellant's first point of error, she argues that the trial court erred in granting appellee's motion for summary judgment on appellant's claim of product liability.

Comment "h" of Restatement (Second) of Torts sec. 402A (1965), asserts that a product is not in a "defective" condition when it is safe for normal handling and consumption, but if a seller has reason to anticipate that danger may result from a particular use, he may be required to give adequate warning of the danger, *and a product sold without such warning is in a "defective" condition.*

Comment "i" of the Restatement explains that the rule stated in sec. 402A applies only where the defective condition of the product makes it unreasonably dangerous to the user or consumer, and that the article sold must be dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it with merely ordinary knowledge common to the community as to its characteristics. Restatement (Second) of Torts sec. 402A comment i (1965).

Comment "j" of the Restatement states further that to prevent a product from being unreasonably dangerous, the seller may be required to give directions or warnings as to its use. Restatement (Second) of Torts sec. 402A comment j (1965).

Appellant contends that Entex's failure to warn, in itself, of the potentially life-threatening consequences of using an unvented gas heater caused the gas sold by appellee to be "defective" and unreasonably dangerous. Liability of a seller under sec. 402A has been extended by the courts to cover not only a defective product, but a dangerous nondefective one as well, if the seller places it into the flow of commerce *without adequate warning of its dangerous propensity or without adequate instructions for its safe use. Pearson v. Hevi–Duty Elec.*, 618 S.W.2d 784, 787 (Tex. Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.). Where the seller knows or should know of potential harm to a user because to the nature of its product, *arising from the intended or foreseeable use thereof,* the seller is required to give an adequate warning of such danger. *Houston Lighting & Power Co. v. Reynolds,* 712 S.W.2d 761, 767 (Tex.App.—Houston [1st Dist.] 1986, writ granted).

However, a product cannot be said to be unreasonably dangerous because of a failure to warn unless there is a duty to warn. *Id.* The seller's duty to warn arises only where the dangers to be warned of are reasonably foreseeable *and are such that a consumer cannot reasonably be expected to be aware of them. Id.*

Appellant presented evidence that Entex had abundant knowledge of the dangers of using a faultily adjusted or vented gas heater, that Entex was well aware that death by asphyxiation due to carbon monoxide inhalation could result from such use, and that Entex was also aware that the general public was not apt to be aware of such danger in connection with the use of gas heaters. Appellant reasons that

Entex's knowledge imposed a duty on Entex to adequately warn consumers of such dangers, and that its failure to so warn rendered the product "defective" and unreasonably dangerous. This failure to warn has been found to give rise to a cause of action based on strict product liability to one who is damaged by not being so warned. *See Technical Chem. Co. v. Jacobs,* 480 S.W.2d 602 (Tex.1972); *Ragsdale Bros., Inc. v. Magro,* 693 S.W.2d 530 (Tex. App.—San Antonio 1985), *rev'd on other grounds,* 721 S.W.2d 832 (Tex.1986).

The proof Entex offered in support of its motion for summary judgment wholly failed to address appellant's contention that Entex owed a duty to consumers to warn them of the danger of possible asphyxiation due to carbon monoxide inhalation. In support of its motion for summary judgment, Entex asserted that any cause of action against it based on strict product liability must fail as a matter of law because the natural gas was not in a defective condition at the time it was sold to Albert Beans. This argument is inadequate to disprove, as a matter of law, appellant's claim that the natural gas was rendered "defective" by Entex's *failure to warn* of the lethal danger that could result from an intended or foreseeable use. Nowhere in its motion for summary judgment, or in its briefs to the trial court in support of the motion, does Entex ever present any discussion or proof concerning the duty to warn urged by appellant. *See Houston Lighting & Power Co. v. Reynolds,* 712 S.W.2d at 767. By this omission, Entex failed to negate appellant's possibility of recovery on her strict product liability cause of action based on failure to warn. Entex, as the movant for the summary judgment, thus failed to meet its burden of establishing that there existed no genuine issue of material fact as to one or more of the essential elements of appellant's cause of action and that Entex was entitled to a judgment as a matter of law. *Gibbs,* 450 S.W.2d at 828.

I would, accordingly, sustain appellant's first point of error, reverse the judgment of the trial court, and remand the cause for trial.