FREAS, ADMX., APPELLANT, *v.* PRATER CONSTRUCTION CORPORATION, INC. ET AL.; BECOR WESTERN, INC., F.K.A. BUCYRUS-ERIE COMPANY, APPELLEE.

[Cite as Freas *v.* Prater Constr. Corp., Inc. (1991), 60 Ohio St. 3d 6.]

(No. 90-1171—Submitted March 13, 1991—Decided May 15, 1991.)

8

*Bradley, Topper & Farris, Philip R. Bradley* and *Robert H. Stoffers,* for appellant.

*McCaslin, Imbus & McCaslin* and *Joseph K. Wehby,* for appellee.

DOUGLAS, J. Appellant appeals to this court urging that Becor Western's motion for summary judgment was improperly granted. Appellant argues that material issues of fact exist with respect to her negligence and strict liability claims. Therefore, urges appellant, said claims should have been submitted to a jury rather than summarily resolved.

We do not agree. After viewing the evidence before us in a light most favorable to appellant, we find that no genuine issue as to any material fact remains to be litigated and reasonable minds can reach but one conclusion: as a matter of law, summary judgment was properly granted in favor of Becor Western on appellant's claims. Therefore, we affirm the judgment of the court of appeals.

In order to recover in an action for products liability based upon negligence, a plaintiff must show that the defendant owed him a duty, that the duty was breached and that the in-

jury proximately resulted from the breach. *Jeffers* v. *Olexo* (1989), 43 Ohio St. 3d 140, 539 N.E. 2d 614; *Menifee* v. *Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 15 OBR 179, 472 N.E. 2d 707; see, also, *R.H. Macy & Co.* v. *Otis Elevator Co.* (1990), 51 Ohio St. 3d 108, 554 N.E. 2d 1313.

In *Crislip* v. *TCH Liquidating Co.* (1990), 52 Ohio St. 3d 251, 556 N.E. 2d 1177, this court recently set forth a manufacturer's duty in the context of a plaintiff's claim of failure to warn or adequately warn premised on either negligence or strict liability. This court, after examining Section 388 and Section 402A of 2 Restatement of the Law 2d, Torts (1965), at 300-301 and 347, held that:

"* * * In a products liability case where a claimant seeks recovery for failure to warn or warn adequately, it must be proven that the manufacturer knew, or should have known, in the exercise of ordinary care, of the risk or hazard about which it failed to warn. *Further, there will be no liability unless it be shown that the manufacturer failed to take the precautions that a reasonable person would take in presenting the product to the public.* * * *" (Emphasis added and footnote omitted.) *Crislip, supra,* at 257, 556 N.E. 2d at 1182-1183.[1]

While Section 388 of the Restatement sets forth a manufacturer's duty to warn those who may be exposed to hazards in the use of its product, Comment *g* to Section 388 further explains that the duty can be discharged if the manufacturer exercises "* * * reason-able care to give those who are to use the chattel the information which the supplier possesses, and which he should realize to be necessary to make its use safe for them and those in whose vicinity it is to be used. * * *" Likewise, Comment *j* to Section 402A references failure to warn and adds, in relevant part, that:

"*Directions or warning.* In order to prevent the product from being unreasonably dangerous, the seller may be required to give directions or warning, on the container, as to its use. * * *

"* * *

"Where warning is given, the seller may reasonably assume that it will be read and heeded; and a product bearing such a warning, which is safe for use if it is followed, is not in defective condition, nor is it unreasonably dangerous."

Appellant argues that not only are the warnings in the manual inadequate to apprise Blankenship of the crane's dangerous propensities but Becor Western is also negligent in failing to place warnings on the crane's boom. After careful consideration of the record of the case at bar, we do not agree with appellant's arguments.

The section of the manual addressing boom removal and disassembly contains eight separate warnings. All these warnings are in bold-face type and preceded by an exclamation mark. For example, one such warning found on page 602 of the manual reads:

"CAUTION: Incorrect boom removal or disassembly may result in

---

[1] This court held that the standard imposed upon a manufacturer in a negligence claim grounded upon an inadequate warning is the same as that imposed in a strict liability claim based upon inadequate warning. *Crislip, supra,* at paragraph three of the syllabus. It was determined that Section 388 and Section 402A are actually two sides of the same standard. Both impose liability on a manufacturer for the failure to warn foreseeable users of a product's hazardous or unreasonably dangerous condition. *Id.* at 257, 556 N.E. 2d at 1182-1183.

machine damage, personal injury, or death. *Never allow anyone, including yourself, to stand on, in, or under the boom when removing boom splice bolts or connecting pins.* Before lowering boom to ground or onto blocking, make sure all personnel and equipment are clear of boom." (Emphasis added.)

The warnings contained in the manual are clear and caution that an operator, and others, should never stand underneath the boom. The warnings are readable, conspicuous and understandable. In fact, one of appellant's experts, William L. Dunlop, though not agreeing with the wording of portions of the instructions pertaining to boom removal or disassembly, testified at deposition that a particular warning in the manual did an "* * * adequate job of pointing out that one should stay out from underneath the boom." Indeed, the warnings in the manual were adequate and reasonably calculated to apprise Blankenship of the crane's dangerous propensities.

Furthermore, we do not see how one could reasonably conclude that additional warnings on the boom itself would have made a difference. Blankenship was required to read the manual and was seen reading it. The record indicates that Blankenship, in fact, knew the relevant dangers if one should stand under the boom. When asked to comment on whether Blankenship was safety-conscious, William S. Prater testified that Blankenship was "very strict" and that Blankenship adhered to a rule that "[n]o one was to walk beneath the boom of the crane." Would additional warnings on the crane have made a difference? We think not. To require Becor Western to place additional warnings on the boom itself is beyond the "precautions that a reasonable person" must take as demanded by *Crislip, supra.*

Therefore, under the facts of this case, we find that the court of appeals was correct in ruling that Becor Western was not negligent through a failure to warn. Neither the content of the warnings nor lack of warnings on the boom itself can be said to have caused Blankenship's death.

As to appellant's strict liability claim, appellant contends that the defects in the crane were the proximate cause of Blankenship's death. Appellant urges that if Becor Western had installed headless boom pins on the crane or informed Prater or Blankenship of the change in the product design from headed to headless pins, Blankenship would not have been killed by the boom. We do not agree.

There is sufficient evidence before us to conclude that Blankenship read and understood the instructions and warnings in the manual. The manual was kept in the crane at all times. Blankenship began operating the crane in 1982 when it was acquired by Prater. It appears he safely disassembled the crane in Dillonvale, the previous job site. Furthermore, the manual explained proper procedures to follow if, in fact, headed pins were installed. Unfortunately, Blankenship failed to follow the disassembly instructions and comply with the warnings as provided in the manual.

We believe that the instructions and warnings contained in the manual effectively communicated information which would have enabled Blankenship to disassemble the boom safely. Accordingly, we conclude, after construing the evidence most favorably to appellant, the evidence in this particular case fails to establish the necessary element of proximate cause for appellant's strict liability claim.

The judgment of the court of appeals is affirmed.

As a final note and caveat, our

holding today is limited to the facts of this particular case. Our finding should not be construed to stand for the proposition that warnings set forth in an instructional manual will, in all situations, be sufficient to absolve a manufacturer of liability where there exists a duty to provide further warnings to the ultimate user of its product. We are aware there are, and will be, many situations that require a manufacturer to supply warnings on the product itself as well as in an instructional manual.

*Judgment affirmed.*

MOYER, C.J., HOLMES, WRIGHT and H. BROWN, JJ., concur.

SWEENEY and RESNICK, JJ., dissent.

