RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0292P (6th Cir.)
File Name: 00a0292p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

―――――――――

THOMAS H. HISRICH,
Administrator of the Estate of
Diana Zhang,
　　　　　*Plaintiff-Appellant,*

　　　　　*v.*

VOLVO CARS OF NORTH
AMERICA, INC.; VOLVO
NORTH AMERICA
CORPORATION,
　　　　　*Defendants-Appellees.*

No. 99-3426

Appeal from the United States District Court
for the Northern District of Ohio at Akron.
No. 95-01080—Patricia A. Gaughan, District Judge.

Argued: June 21, 2000

Decided and Filed: August 31, 2000

Before: MERRITT, GUY, and COLE, Circuit Judges.

---

**COUNSEL**

**ARGUED:**    James A. Lowe, LOWE, EKLUND & WAKEFIELD CO., L.P.A., Cleveland, Ohio, for Appellant. Hugh J. Bode, REMINGER & REMINGER CO., L.P.A., Cleveland, Ohio, for Appellees.    **ON BRIEF:**    James A. Lowe, LOWE, EKLUND & WAKEFIELD CO., L.P.A., Cleveland, Ohio, for Appellant.    Hugh J. Bode, T. Leigh Anenson, REMINGER & REMINGER CO., L.P.A., Cleveland, Ohio, for Appellees.

COLE, J., delivered the opinion of the court, in which MERRITT, J., joined.    GUY, J. (pp. 21-22), delivered a separate opinion concurring in part and dissenting in part.

---

**OPINION**

---

R. GUY COLE, JR., Circuit Judge.    Plaintiff Thomas Hisrich, administrator of the estate of Diana Zhang, filed this products liability suit against defendants, Volvo Cars of North America, Inc. and Volvo North America Corp. (collectively "Volvo"), alleging defect in Volvo's airbag system. Zhang was a front-seat passenger in a 1993 Volvo 850 GLT ("Volvo 850"), which was involved in a low-speed collision. The Volvo 850's airbag deployed, striking and killing six-year-old Zhang. Plaintiff alleged that the Volvo 850's airbag system was defective in both its design and manufacture and in its warnings and instructions. The jury returned a verdict for Volvo, which plaintiff appeals, claiming that the district court erred by failing to instruct the jury on both the failure-to-warn defect standard and the consumer-expectation defect standard for products liability under Ohio law. For the following reasons, we **REVERSE** the judgment of the district court and **REMAND** for a new trial.

case of waiver than is presented by the record before us on appeal.[1]

## I. Background

The events in this case arise from an April 22, 1993, accident in which a Volvo 850 driven by Ke Ming Li struck the rear end of a 1986 Volkswagen Golf. Li was driving home when she failed to stop as the Volkswagen in front of her slowed to make a left turn. Li engaged her brakes, but the Volvo 850 struck the rear end of the Volkswagen at low speed, causing the Volvo 850's driver and front-passenger airbags to deploy. Li's six-year-old daughter, Zhang, was in the front-passenger seat of the Volvo 850 and was not wearing seat belt restraints. As the passenger-seat airbag deployed, the airbag and the airbag's module cover forcefully struck Zhang in the head and upper portion of her body, propelling the unrestrained child into the interior roof of the vehicle. Zhang died two days after the accident as a result of her injuries. Although Zhang was not wearing seat restraints, the parties stipulate that if the airbag had not deployed, Zhang would not have sustained her fatal injuries.

Plaintiff brought this diversity action,[1] pursuant to 28 U.S.C. § 1332, seeking compensatory and punitive damages for Zhang's wrongful death from Volvo for the defective design, manufacture and warnings or instructions pursuant to OHIO REV. CODE ANN. §§ 2307.74-2307.77 (Anderson 1998). Prior to trial, plaintiff indicated to the defendants and the court that the defective warning or instruction claim pursuant to § 2307.75 would not be submitted to the jury, assuming that such evidence was not developed at trial. Plaintiff, however, did not amend his complaint which sufficiently pleaded the defective warnings claim.

The jury trial began on February 22, 1999. Plaintiff presented evidence concerning the design and testing of the Volvo's airbag system. In addition, plaintiff also produced evidence concerning Volvo's knowledge of the risk to unbelted children and small adults from airbag deployment.

---

[1] In response to my dissent, footnote four has been added to the majority opinion. In my view the footnote is non-responsive. The issue is not what was in the pretrial order, but rather the specific additional actions taken by plaintiff's counsel unequivocally waiving the failure-to-warn claim.

---

[1] Defendants removed this action from state court on May 15, 1995.

At the close of evidence, plaintiff requested a jury instruction for defective warning or instruction pursuant to OHIO REV. CODE ANN. § 2307.76 (Anderson 1998), based on the evidence developed at trial. The trial court denied plaintiff's requested instruction, finding that the evidence did not support the instruction. Specifically, the court found that defendants had rebutted the presumption that Li would have heeded the warnings or instructions. The district court also rejected plaintiff's proposed jury instruction on the consumer-expectation test for determining a design defect pursuant to OHIO REV. CODE ANN. § 2307.75 (Anderson Supp. 2000).[2] The court held that "airbags in passenger automobiles are not a subject to which consumers could have reasonable expectations."

The case proceeded to the jury with the instructions limited to the risk-benefit test for product defect, omitting the failure-to-warn test and consumer-expectation test. The jury returned a verdict for defendants on March 1, 1999, which the district court entered on March 3, 1999. Plaintiff filed a timely notice of appeal on March 29, 1999.

## II. Standard of Review

Plaintiff contends that he is entitled to a new trial because the district court erred by failing to give plaintiff's requested jury instructions. Federal law governs our standard of review in diversity cases. *See Gafford v. General Elec. Co.*, 997 F.2d 150, 166 (6th Cir. 1993). This court "reviews a district court's refusal to give requested jury instructions under an abuse of discretion standard." *King v. Ford Motor Co.*, 209 F.3d 886, 897 (6th Cir. 2000). We define an "abuse of

---

[2]A 1996 amendment to the Ohio product liability code eliminated the consumer-expectation test for product defect. This amendment, however, is applicable only to products created after its effective date of January 1997 and thus, is inapplicable to Li's 1993 Volvo 850. *See* OHIO REV. CODE ANN. §§ 2307.75. In addition, the 1996 amendments to the product liability code have been held unconstitutional in toto by the Ohio Supreme Court. *See Ohio Academy of Trial Lawyers v. Sheward*, 715 N.E.2d 1062 (Ohio 1999).

## CONCURRING IN PART, DISSENTING IN PART

RALPH B. GUY, JR., Circuit Judge, concurring in part and dissenting in part. I concur in all of the court's opinion except part III-A. I would hold that plaintiff waived his failure-to-warn claim and that on retrial this issue may not be submitted to the jury.

Shortly before trial plaintiff's counsel informed defense counsel that plaintiff was abandoning his failure-to-warn claim. This is attested to by the fact that plaintiff's trial brief did not set forth failure to warn as one of his theories. That such is the case is further demonstrated by defendants' trial brief which stated:

Although Plaintiff has pled a claim under [O.R.C. Section 2307.76] asserting that the 1993 Volvo 850 GLT was defective because it lacked adequate warnings and instructions, counsel for Plaintiff has advised the undersigned that he does not intend for this claim to be submitted to the jury.

Perhaps of greater significance is the fact that the parties had an agreed-upon statement read to the jury during *voir dire* which made no mention of a failure-to-warn theory. The parties, in effect, stipulated to drop the failure-to-warn claim. The majority references the fact that the plaintiff did not amend his complaint; however, that is only done, if at all, if a claim is being added. To drop a claim there is no need to formally amend the complaint in writing. Defendants proceeded during trial on the basis of the failure-to-warn claim no longer being in the case. It was entirely appropriate for the defendants to do so. It is hard to conceive of a clearer

requested jury instruction, we **REVERSE** the district court's judgment denying the consumer-expectation instruction and **REMAND** for a new trial.

### V.

For the foregoing reasons, we **REVERSE** the district court's denial of plaintiff's requested instructions on the failure-to-warn and consumer-expectation test for product defect, and **REMAND** for a new trial in accordance with this opinion.

discretion" as "a definite and firm conviction that the trial court committed a clear error of judgment." *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir. 1996). Although trial courts have broad discretion in framing jury instructions, state law determines the substance of jury instructions in a diversity action, while federal procedural law governs questions regarding the propriety of the instructions. *See King*, 209 F.3d at 897 (citing *Persian Galleries, Inc. v. Transcontinental Ins. Co.*, 38 F.3d 253, 257 (6th Cir. 1994)). The federal court, sitting in diversity, applies the same law as would be applied by the Ohio state courts.[3] *See Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938).

We review "jury instructions as a whole in order to determine whether the instructions adequately inform the jury of relevant considerations and provide a basis in law for aiding the jury to reach its decision." *King*, 209 F.3d at 897 (internal quotations and alterations omitted). A "district court's refusal to give a jury instruction constitutes reversible error if: '(1) the omitted instructions are a correct statement of the law; (2) the instruction is not substantially covered by other delivered charges; (3) the failure to give the instruction impairs the requesting party's theory of the case.'" *Webster v. Edward D. Jones & Co., L.P.*, 197 F.3d 815, 820 (6th Cir. 1999) (quoting *Sutkiewicz v. Monroe County Sheriff*, 110 F.3d 352, 361 (6th Cir. 1997)). "A judgment may be reversed only if the instructions, viewed as a whole, were confusing, misleading, or prejudicial." *Beard v. Norwegian Caribbean Lines*, 900 F.2d 71, 72-73 (6th Cir. 1990).

---

[3] When the state's highest court has not decided the applicable law, the federal court must ascertain the state law from "all relevant data," including state appellate court decisions, supreme court dicta, restatements of law, law review commentaries, and the majority rule among other states. *Garden City Osteopathic Hosp. v. HBE Corp.*, 55 F.3d 1126, 1130 (6th Cir. 1995). However, where a state appellate court has resolved an issue to which the high court has not spoken, "we will normally treat [those] decisions . . . as authoritative absent a strong showing that the state's highest court would decide the issue differently." *Garrett v. Akron-Cleveland Auto Rental, Inc. (In re Akron-Cleveland Auto Rental, Inc.)*, 921 F.2d 659, 662 (6th Cir. 1990).

### III.  Failure-to-Warn Jury Instruction

Plaintiff contends that the court improperly denied his requested jury instructions regarding the adequacy of Volvo's warnings and instructions.  Plaintiff asserts that because OHIO REV. CODE ANN. § 2307.76 and the applicable jury instructions, 2 OHIO JURY INSTRUCTIONS §§ 351.03, 351.11 (2000), permit a finding that a product is defective by reason of inadequate warning or instruction, the court failed to follow Ohio substantive law.  Defendants contend, however, that plaintiff, withdrew the failure-to-warn defect claim at trial, failed to provide evidence that the warnings were inadequate, and failed to show causation between the inadequate warnings or instructions and plaintiff's use of the product.  Defendants' first argument is that plaintiff waived the failure-to-warn claim, while the remaining arguments essentially assert that plaintiff failed to establish the elements of a failure-to-warn claim.  Accordingly, we address plaintiff's alleged waiver and the requirements for a failure-to-warn claim pursuant to § 2307.76.

### A.  Waiver

With respect to the defendants' waiver argument, we find that plaintiff did not waive or abandon the properly pleaded failure-to-warn claim.  Although plaintiff did not include the failure-to-warn instruction in his trial brief or proposed jury instructions, he requested this instruction at the close of evidence.  The district court declined to provide plaintiff's proposed jury instruction, but found on the record that the jury instruction was "timely requested" and considered it on the merits. Despite defendants' arguments of prejudice and abandonment, the court did not find that the claim had been waived in reaching the merits of the proposed instruction.  Moreover, defendants cite no authority which indicates that plaintiff has waived this claim by failing to give notice in the

consumer devices, such as vehicular airbags.[6]  Under Ohio law, the issue is not whether the consumer can determine the reasonable expectations for the technical operation of the product, but the consumer's reasonable ability to expect the performance of the product.  *See Sours*, 717 F.2d at 1515-16; *Leichtamer,* 424 N.E.2d at 576; *Colboch*, 670 N.E.2d at 1371.  In addition, this court's opinion in *Jordan v. Paccar, Inc.* fails to support defendants' position regarding the applicability of the consumer-expectation test.  In *Jordan*, this court found that it was not error for the district court to refuse to instruct the jury on the consumer-expectation test because the claim was subsumed by the risk-benefit instruction.  *See* 37 F.3d at 1184.  The *Jordan* court found that, under the facts of that particular case, the plaintiff had no consumer expectation of surviving the tragic injury at issue.  *See id*.  In the present case, plaintiff's theory is that normal expectations for unbelted passenger safety in a low-speed collision was not met by defendants' product; thus, the facts in the present case are distinguishable from those in *Jordan*.

Following the applicable precedent and Ohio law of consumer-expectation, § 2307.75(A), the district court abused its discretion in refusing to instruct on the consumer-expectation test where evidence of unexpected performance was presented at trial.  The consumer-expectation test is one of two distinct tests for product defect, in which evidence of unexpected performance is sufficient to infer product defect.  Because the court abused its discretion in failing to give the

---

[6] *See, e.g., Wheeler v. Chrysler Corp.,* No. 98-C-3875, 2000 WL 263887, at *3 (N.D. Ill. March 1, 2000) (unpublished) (applying Illinois law to products-liability case involving airbag and finding the consumer-expectation test inapplicable); *Pruitt v. General Motors Corp.*, 86 Cal. Rptr. 2d 4, 6 (Cal. Ct. App. 1999) (finding trial court's refusal to instruct jury on consumer-expectation test appropriate because "the consumer expectations test is reserved for cases in which the everyday experience of the products' users permits a conclusion that the product's design violated minimum safety assumptions" which "are not within the common knowledge of lay jurors.") (emphasis omitted).  *But see, e.g., Bresnahan v. Chrysler Corp.*, 38 Cal. Rptr. 2d 446, 451-52 (Cal. Ct. App. 1995) (applying consumer-expectations test to airbag products liability claim).

expectation of safety has developed." *Knitz v. Minster Machine Co.,* 432 N.E.2d 814, 818 (Ohio 1982); *see also Pruitt v. General Motors Corp.*, 599 N.E.2d 723, 726 (Ohio Ct. App. 1991) (finding that the defect must be within the realm of the common consumer understanding in applying consumer-expectation test). The *Knitz* court, however, clarified this observation, noting that such instances arise when "the injured party is an innocent bystander who is ignorant of the product" or when new users have developed no expectation of product performance. *See id.* at 818. Neither situation is present in this case. Moreover, the *Knitz* court did not deem the consumer-expectation test inapplicable in cases where the injured is ignorant, but instead noted that the test would not produce a defect because the plaintiff would not have any performance expectation. *See id.*; *see also Pruitt*, 599 N.E.2d at 726 (applying consumer-expectation test but finding that consumer could not expect a product performance which contemplated plaintiff's specific use of the product).

Following our reasoning in *Sours* and *Jordan*, and Ohio's reasoning in *Leichtamer* and *Colboch*, a consumer need only have an expectation in the normal operation and safety with respect to their airbag system operation to satisfy the consumer-expectation test. Accordingly, Ohio's consumer-expectation test has been applied to the roll-over stability of a sport utility vehicle, *see Clay*, 215 F.3d at 671, a vehicle's roof design, *see Sours*, 717 F.2d at 1515-16, a vehicle's roll-over bar, *see Leichtamer*, 424 N.E.2d at 576, and to a vehicle's airbag system, *see Fisher*, 13 F. Supp. 2d at 638-39. Under Ohio law, we find the trial court's findings with respect to the consumer's knowledge of the technical details of the airbag system are misplaced. *Cf. Fisher*, 13 F. Supp. 2d at 638-39; *State Farm Fire & Cas. Co.*, 523 N.E.2d at 495.

Finally, we are unpersuaded by defendants' citation to other jurisdiction's cases in which courts have rejected the consumer-expectation test as inapplicable to complicated non-

trial brief.[4] Thus, we find that plaintiff did not waive his failure-to-warn jury instruction claim and that the claim is properly before this court.

## B. Failure-to-Warn Requirements

Defendants contend that plaintiff failed to establish a failure-to-warn claim. The Ohio legislature has codified products liability law with respect to defects due to inadequate warnings or instructions. *See* OHIO REV. CODE ANN. § 2307.76(A)(1). In pertinent part, the Ohio statute provides that:

(1) [A product] is defective due to inadequate warning or instruction at the time of marketing if, when it left the control of its manufacturer, both of the following applied:

(a) The manufacturer knew or, in the exercise of reasonable care, should have known about a risk that is associated with the product and that allegedly caused harm for which the

---

[4] We disagree with the dissent's argument that plaintiff clearly waived or abandoned the warnings claim. The trial court has discretion in considering deviations from the pretrial orders in a particular case. *See Daniels v. Board of Educ. of Ravenna City Sch. Dist.*, 805 F.2d 203, 210 (6th Cir. 1986) ("The decision whether to modify the final pretrial order is within the sound discretion of the district court and will be set aside only if the district court abused that discretion."). In the present case, the trial court heard extensive argument on the viability of the warning instruction, including defendants' waiver argument. Plaintiff argued that he had clearly "warned defense counsel that if they tried to suggest that [Volvo provided] an adequate warning . . . they would be opening up an area which [plaintiff] was otherwise prepared not to seek." Plaintiff states that he informed the trial court at side-bar and defense counsel on more than one occasion that Volvo's evidence concerning the adequacy of the warnings provided with the vehicle would open the failure-to-warn theory which the plaintiff then pursued in cross-examination of Volvo's witness. Because the trial court in its discretion did not deem the proposed instruction on plaintiff's pleaded theory waived, we likewise decline to find waiver based on the plaintiff's trial brief.

claimant seeks to recover compensatory damages;

(b) The manufacturer *failed to provide the warning or instruction that a manufacturer exercising reasonable care would have provided concerning that risk*, in light of the likelihood that the product would cause harm of the type for which the claimant seeks to recover compensatory damages and in light of the likely seriousness of that harm.

OHIO REV. CODE ANN. § 2307.76(A) (emphasis added). Ohio law for defective products follows the formulation in the RESTATEMENT (SECOND) OF TORTS § 402A cmt. j (1965). *See Crislip v. TCH Liquidating Co.*, 556 N.E.2d 1177, 1180, 1182 (Ohio 1990).

Under Ohio law, a plaintiff asserting a products liability "claim[] based on failure to provide adequate warnings not only must convince the fact finder that the warning provided is unreasonable, hence inadequate, but he also must establish the existence of proximate cause between the [product] and the fact of the plaintiff's injury." *Seley v. G.D. Searle Co.*, 423 N.E.2d 831, 838 (Ohio 1981) (applying products liability law to pharmaceutical drug). "In analyzing the proximate cause issue as it relates to failure-to-warn cases," the Ohio Supreme Court "divided proximate causation . . . into two sub-issues: (1) whether lack of adequate warnings contributed to the plaintiff's [use of the product], and (2) whether [use of the product] constitute[d] a proximate cause of the plaintiff's injury." *Id*. With respect to warnings and plaintiff's use of the product, the Ohio Supreme Court interprets the RESTATEMENT (SECOND) OF TORTS § 402A cmt. j to

establish[] a presumption that an adequate warning, if given, will be read and heeded. In such a situation, the presumption established works to the benefit of the manufacturer. However, *where no warning is given, or where an inadequate warning is given, a rebuttable*

*Inc. v. O & K Trojan, Inc.*, 668 N.E.2d 529, 533-34 (Ohio Ct. App. 1995)).

The trial court erred in holding that "an ordinary consumer . . . would not know the technical considerations that influence the design of the airbag system in [plaintiff's] Volvo." The consumer-expectation test focuses on the expectation of performance, not the technical considerations of the product. This court, following Ohio law, has found that the consumer need not be able to contemplate the technical considerations of the product's design to find the product defective under the consumer-expectation test. In *Sours v. General Motors Corp.*, we rejected the defendant's argument that the Ohio consumer-expectation test was inapplicable to a vehicle because of a lack of consumer expectation with respect to a one-vehicle, roll-over accident in which plaintiff alleged a defect in the roof design. *See* 717 F.2d 1511, 1515-16 (6th Cir. 1983). The *Sours* court found that the trial court properly instructed the jury on the consumer-expectation test and held that the risk-benefit test did not "eclipse the consumer-expectation standard; rather it was intended to serve as a refinement of that general principle in those situations where expectations were likely to be distorted." *Id*. at 1515; *see also Colboch v. Uniroyal Tire Co.*, 670 N.E.2d 1366, 1371 (Ohio Ct. App. 1996) (applying consumer-expectation test to explosion of vehicle tire and stating that test focuses on "whether the hazard is unexpected"). In *Leichtamer v. American Motors Corp.*, the Ohio Supreme Court applied the consumer-expectation test to the plaintiff's claim that a roll bar of a jeep was defective when it failed during a pitch-over accident on off-road terrain. *See* 424 N.E.2d at 576. The court reasoned that a consumer, expecting to use the vehicle on off-road terrain as advertised by the defendant, could establish an expectation in the product's performance. *See id*.

The Ohio Supreme Court has stated that the consumer-expectation test may fail to reach product defects when the consumer "is ignorant of the product and has no expectation of its safety, or where a new product is involved and no

*American Motors Corp.*, 424 N.E.2d 568, 570-71 (Ohio 1981). Under the consumer-expectation test, a product may be proven to be in a defective condition if: (1) it is more dangerous than an ordinary consumer would expect when used in an intended or reasonably foreseeable manner, (2) the claimed defect was present when the product left the manufacturer; and (3) the claimed defect proximately caused the claimed injuries. *Id*. at 494.

In sum, as applied to manufacturing defect cases, "evidence of unsafe, unexpected product performance is sufficient to infer the existence of a product defect" under the first prong of the consumer-expectation standard. *State Farm Fire & Cas.*, 523 N.E.2d at 494-95 (Ohio 1988); *see also Clay v. Ford Motor Co.*, 215 F.3d 663, 671 (6th Cir. 2000) (citing same and applying consumer-expectation test to plaintiff's claim of product defect in sport-utility vehicle roll-over accident). The court, however, has also stated that "[a]nother way of phrasing [the consumer-expectation test] is that a product may be found defective in design if the plaintiff demonstrates that the product failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner." *Leichtamer*, 424 N.E.2d at 576 (internal quotations omitted). Moreover, "the determination of whether a product is more dangerous than an ordinary person would expect is generally a question of fact which does not require expert testimony." *See Fisher v. Ford Motor Co.*, 13 F. Supp. 2d 631, 638 n.10 (N.D. Ohio 1998) (citing *Porter v. Gibson Greetings, Inc.*, No. 16575, 1997 WL 761851, at *3 (Ohio Ct. App. 1997); *Welch Sand & Gravel,*

---

intended or reasonably foreseeable. If it was not so used, then the claimant has failed to prove the existence of a defect under the consumer expectation test. If the product was so used and was more dangerous than an ordinary consumer would expect, then the claimant has proved the existence of a defect under the consumer expectation test.

2 OHIO JURY INSTRUCTION § 351.09(2)(C).

---

*presumption arises, beneficial to the plaintiff*, that the failure to adequately warn was a proximate cause of the plaintiff's [use of the product]. This presumption, absent the production of rebutting evidence by the defendant, is sufficient to satisfy the first branch of the plaintiff's proximate cause burden.

*Id.* at 838 (emphasis added). Thus, as here, when plaintiff alleges no warning or inadequate warning, Ohio law establishes a presumption, beneficial to the plaintiff and which the defendants must rebut, to establish proximate cause in the warning defect context.

Plaintiff's proposed instruction essentially set forth the requirements under § 2307.76. *See* 2 OHIO JURY INSTRUCTIONS §§ 351.03, 351.11 (2000). The district court denied the instruction, finding that no evidence was produced to show that Li relied on the warnings, and insufficient evidence was produced at trial to support the claim. In the present case, the defendants did not present evidence that showed that Li did not read the warnings. Instead, the court relied on the fact that Zhang's mother, Li, needed an interpreter to give her direct testimony to establish that Li did not rely on the warnings in the vehicle. We disagree with the court's judgment.

It is true that Ohio courts have found that when evidence shows that plaintiff failed to read instructions proximate cause is rebutted. *See Phan v. Presrite Corp.*, 653 N.E.2d 708, 711 (Ohio Ct. App. 1994) ("Even if the additional warnings . . . were given, they would not have prevented the injuries because neither [plaintiff] read the warning . . . ."). However, the *Phan* court was faced with direct evidence that the plaintiff did not read the instructions. Under Ohio law, the presumption exists at the outset and accrues to the benefit of the plaintiff. *See Freas v. Prater Constr. Corp.*, 573 N.E.2d 27, 30-31 (Ohio 1991); *Seley*, 423 N.E.2d at 838. Thus, it is the defendants who must establish that proximate cause is deficient by rebutting the presumption that Li read and heeded the instructions.

Defendants have failed to rebut the presumption. First, the defendants claim that the presumption was rebutted because there is no evidence that Li read the instructions or warnings. The lack of evidence that Li read or did not read the instructions, however, does not rebut the presumption, but rather establishes it in Li's favor. Defendants ignore that they must rebut the presumption and that plaintiff is not required to present evidence establishing what is presumed unless such rebuttal evidence is presented. Moreover, Li's reliance on an interpreter does not establish that she neither read nor heeded the instructions, especially since they were provided in both symbolic and written form. Second, the defendants claim that Li had knowledge of the proper location to place the child inside the vehicle. Li testified that she normally placed her child in the back seat. The defendants' second reason, however, provides evidence that rebuts their first contention that Li neither read nor heeded Volvo's instructions. Li's testimony, which indicates that the instructions were heeded, is the only evidence that directly addresses the warnings. Given that the presumption accrues to the benefit of the plaintiff, the defendants have failed to rebut the presumption. Thus, the district court erred in declining to give the requested instructions on the basis that defendants rebutted the presumption establishing proximate cause.

The district court also found that there was insufficient evidence for a jury to conclude that the provided warnings were inadequate. With respect to the sufficiency of the evidence, the defendants assert that the warnings given were adequate as a matter of law and, hence, the presumption was rebutted because plaintiff never established that the warnings were inadequate. *See Seley*, 423 N.E.2d at 838.

We disagree with the court's conclusion regarding the sufficiency of the evidence. Under Ohio law, a warning is adequate if it reasonably discloses all inherent risks, and if the product is safe when used as directed. *Crislip*, 556 N.E.2d at 1180-81; *Seley*, 423 N.E.2d at 838. However, "[a]n inadequate warning may make a product as unreasonably dangerous as no warning at all; there is no reason to preclude

*Perkins*, 700 N.E.2d at 1248 (citations and quotations omitted) (emphasis added). Although there is discretion in applying these standards, the court noted that the legislature codified an approach that allows the jury to consider both standards based upon the plaintiff's theory of the case. *Cf. Perkins*, 700 N.E.2d at 1248.

Plaintiff's choice to proceed under the two distinct tests can be viewed as broadening the scope of product defects actionable under Ohio's products liability laws. Thus, the Ohio Supreme Court stated that "'[t]he very existence of a risk/benefit analysis in the Ohio cause of action for design defect helps those plaintiffs who would otherwise lose in a consumer expectation case.'" *Perkins*, 700 N.E.2d at 1248 (alterations in original) (quoting O'REILLY & CODY, OHIO PRODUCTS LIABILITY MANUAL Section 6.08, 70-71 (1992)). In addition, we have previously found that the risk-benefit and consumer-expectation tests are not fungible; thus, a finding under one test does not imply a similar finding under the other test. *See Jordan v. Paccar, Inc.*, 37 F.3d 1181, 1184 n.2 (6th Cir. 1994) (applying Ohio law and rejecting contention that a jury finding for defendant under the risk-benefit test implies that jury would have also found for defendant under consumer-benefit test).

Regarding the substance of the consumer-expectation test, the Ohio Supreme Court has stated that the test examines "what would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics."[5] *Leichtamer v.*

---

[5] The Ohio model jury instructions explains the consumer-expectation test as follows:

A product is defective under the consumer expectation test if the product is more dangerous than an ordinary consumer would expect when used in an intended or reasonably foreseeable manner. Foreseeable uses of a product include those that might reasonably be expected but not all uses which could occur. You should decide whether the claimant's injury occurred as a direct result of using the product in a manner that was

airbag system in [plaintiff's] Volvo," the court need not give a consumer-expectation test instruction. In addition, in a post-trial order, the court stated that it "determined that airbags in passenger vehicles are not a subject to which consumers could have reasonable expectations."

Ohio law provides product-liability plaintiffs with two theories of proving product-liability: 1) the consumer-expectation standard and 2) the risk-benefit standard. *See Perkins v. Wilkinson Sword, Inc.*, 700 N.E.2d 1247, 1248 (Ohio 1998) (citing *State Farm Fire & Cas. Co. v. Chrysler Corp.*, 523 N.E.2d 489, 495 (Ohio 1988)). The Ohio legislature codified these approaches in OHIO REV CODE § 2307.75(A), which provides in pertinent part:

(A) . . . a product is defective in design or formulation if either of the following applies:

(1) When it left the control of its manufacturer, the foreseeable risks associated with its design or formulation as determined pursuant to division (B) of this section exceeded the benefits associated with that design or formulation as determined pursuant to division (C) of this section;

(2) It is more dangerous than an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

With respect to products subject to the two tests, the Ohio Supreme Court has stressed that

these standards are not mutually exclusive, but instead constitute *a single, two-pronged test* for determining whether a product is defectively designed. . . . [A] product may be found defective in design even if it satisfies ordinary consumer expectations if the jury determines that the product's design embodies excessive preventable danger. In other words, if the jury concludes that one standard is not met, the jury may consider the other standard.

a plaintiff from pleading and proving strict liability just because some warning, however inadequate, accompanies a product." *Crislip*, 556 N.E.2d at 1181. In *Seley*, the Ohio Supreme Court explained:

The fact finder may find a warning to be unreasonable, hence *inadequate, in its factual content, its expression of the facts, or the method or form in which it is conveyed.* The adequacy of such warnings is measured not only by what is stated, but also by the manner in which it is stated. A reasonable warning not only conveys a fair indication of the nature of the dangers involved, but also warns with the degree of intensity demanded by the nature of the risk. *A warning may be found to be unreasonable in that it was unduly delayed, reluctant in tone or lacking in a sense of urgency.* A jury may find that a warning is inadequate and unreasonable even where the existence of "risk," i.e., a causal relationship between use of the product and resulting injury, has not been definitely established.

423 N.E.2d at 837 (citations omitted) (emphasis added). Accordingly, there are several ways – such as lack of urgency or expression of facts – in which a warning can be defined as inadequate.

In the present case, plaintiff clearly established sufficient evidence to support the instruction under § 2307.76(A). *See* OHIO REV. CODE ANN. § 2307.76(A)(1) (requiring that the "manufacturer fail[] to provide the warning or instruction that a manufacturer exercising reasonable care would have provided concerning that risk, in light of the likelihood that the product would cause harm of the type" for which recovery is sought). The parties stipulated that the airbag deployment caused the harm, Zhang's injury and subsequent death. Most importantly, on cross-examination by plaintiff's counsel, Volvo's lead designer, Bengt Shultz, who testified on behalf of the defendants, admitted that "Volvo didn't need to test [airbags] for children" because "[Volvo] knew it would hurt children and adults if you were sitting up near it . . . when it

deployed." Shultz also testified that Volvo knew that severe injuries could result to children and that front-seat passengers were often unrestrained. Further, Shultz's testimony established that this known risk was not expressly stated in the instruction manual or vehicle warnings provided by Volvo. Thus, the evidence established that defendants knew of a risk that was associated with their product, specifically the risk to the safety of unrestrained small adults and children when the airbag deploys. Given the breadth of factual findings that would allow a jury to find that a warning is inadequate, plaintiff established a genuine issue of fact on the adequacy of the warnings actually given.

Although Volvo repeatedly established that the vehicle contained a door warning sticker, owner's manual warnings, and even a videotape provided to new Volvo 850 owners which contained a warning concerning the proper placement of children in the vehicle, the testimony of Volvo's design witness, Shultz, established knowledge of a specific danger -- the risk to children and small adults positioned near the airbag as it deployed -- that was not expressed in a warning. Indeed, the trial court noted Volvo's knowledge of existing risk in denying defendants "superseding cause" jury instruction. The trial court stated that "[i]t is clear . . . that Volvo definitely foresaw the possibility of individuals being unbelted in the front seat of the car, specifically the passenger side," and that based on Volvo's knowledge the court could not say that Volvo should not have foreseen the risk associated with airbag deployment. Thus, sufficient evidence was adduced at trial to support the instruction on failure-to-warn under § 2307.76.

Finally, we find that Ohio case law does not support the district court's refusal to instruct the jury on the failure-to-warn law of defective products. Although the Ohio Supreme Court has affirmed a lower court's grant of summary judgment for the defendant in a products liability failure-to-warn claim when it found that no genuine issue of material fact existed as to whether the warnings and instructions in the manual were adequate to warn of the risk associated with the

activity, the court based its decision on an explicit finding that the warnings were adequate. *See Freas v. Prater Constr. Corp.*, 573 N.E.2d 27, 30-31 (Ohio 1991); *see also Phan*, 653 N.E.2d at 711 (Ohio appellate court decision finding that the warnings provided were adequate and affirming grant of summary judgment for defendant). The *Freas* court, however, expressly cautioned that warnings set forth in a manual are not sufficient per se in all situations. *See Freas*, 573 N.E.2d at 30-31.

In the present case, there has been no district court finding that the warnings were adequate as a matter of law. Under Ohio law, we decline to find the warnings adequate as well. The mere presence of defendants' warnings that, if followed, may have been adequate does not eliminate the fact that a jury could find the existing warnings inadequate based on their form, manner of expression, or lack of exigency. *See Seley*, 423 N.E.2d at 837; *see also Freas*, 573 N.E.2d at 32 (cautioning that existence of warnings in manual may not be adequate per se where there is a duty to provide further warnings to the user of the product). Thus, the issue is not merely the existence of the warnings, but the factual issue of their content.

Because there is sufficient evidence that Volvo knew of a specific risk associated with the normal use of the product by small adults and children and evidence that this explicit risk was not part of the warnings or instructions under § 2307.76, we find that the district court abused its discretion by failing to instruct the jury on the failure-to-warn theory of liability. *Cf. Webster*, 197 F.3d at 820. Moreover, we decline to decide that defendants' warnings were adequate as a matter of law. Accordingly, we **REVERSE** the district court's judgment denying of the failure-to-warn instruction and **REMAND** for a new trial.

### IV. Consumer-Expectation Jury Instruction

Plaintiff claims error in the trial court's holding that, because "an ordinary consumer . . . would not know the technical considerations that influences the design of the